UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| ALAN MARTIN, | |
| Plaintiff, | |
| vs. | 9:03-CV-981 |
| | (S.J. Scullin) |
| GLENN GOORD, et al., | |
| Defendants. | |

_____

| | |
|---|---|
| APPEARANCES | OF COUNSEL |
| ALAN MARTIN<br>Plaintiff pro se | |
| ELIOT SPITZER<br>Attorney General of the<br>State of New York | STEPHEN M. KERWIN<br>Asst. Attorney General |

GUSTAVE J. DI BIANCO, Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

This matter has been referred to me for Report and Recommendation by the Honorable Frederick J. Scullin, Jr., Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c).

In this amended civil rights complaint, plaintiff alleges that, while an inmate at Adirondack Correctional Facility, he was told to move a refrigerator despite icy ground conditions. Plaintiff alleges that he slipped, and the refrigerator fell on him, causing him serious injuries. Plaintiff alleges that he was denied proper medical care after this incident. (Dkt. No. 5). Although plaintiff originally named eight defendants, only three defendants remain, and they are all medical personnel.

Presently before the court is defendants' motion to dismiss this action as a sanction for failure to attend plaintiff's deposition, for failure to abide by the court's discovery order, and for failure to prosecute pursuant to FED. R. CIV. P. 37(b)(2) and 41(b). (Dkt. No. 31). Plaintiff has not responded to the motion. For the following reasons, this court will give plaintiff another chance to comply, but will recommend dismissing the complaint if plaintiff fails to respond or consents to dismissal.

## DISCUSSION

1. **Discovery Sanctions**

Rule 37(d) of the Federal Rules of Civil Procedure provides that if an individual fails to appear at his own deposition after having received proper notice the court may take various steps to sanction the disobedient party, including dismissal of the case. FED. R. CIV. P. 37(d)(cross referencing Rule 37(b)(2)(c) which authorizes the court to dismiss an action for failure to comply with a discovery order).

The imposition of sanctions under Rule 37 is within the discretion of the district court, and the sanction of dismissal is a harsh remedy to be used "only in extreme situations." *Bobal v. Rensselaer Polytechnic Institute*, 916 F.2d 759, 764 (2d cir. 1990), *cert. denied*, 499 U.S. 943 (1991). In order to impose such a severe sanction, the court must find willfulness, bad faith, or fault on the individual from whom discovery is sought. *Id.* The party in question, particularly a *pro se* litigant, must have had prior notice that violation of the court's order would result in dismissal with prejudice. *Simmons v. Abruzzo*, 49 F.3d 83, 88 (2d Cir. 1995).

In this case, plaintiff filed his original complaint on August 8, 2003. (Dkt. No.

2

1). The original complaint did not comply with FED. R. CIV. P. 8 & 10. On August 14, 2003, then-Chief Judge Scullin ordered plaintiff to file an amended complaint within thirty days if plaintiff wished to avoid dismissal of his action. (Dkt. No. 4). Plaintiff filed his amended complaint on September 15, 2003, and on September 25, 2003, Judge Scullin issued an order adding certain defendants and dismissing others from the action and allowing the service of the amended complaint. (Dkt. No. 6).

On April 28, 2004 defendants filed a motion to dismiss the amended complaint for failure to exhaust administrative remedies. (Dkt. No. 16). Plaintiff responded to the motion on June 3, 2004. (Dkt. No. 17). On August 25, 2004 and on September 5, 2004, mail addressed to plaintiff at his last known address was returned to the court as "undeliverable," however, the court notes that plaintiff submitted a change of address that was rejected because he failed to serve opposing counsel. (Dkt. Nos. 19, 20, 21). On November 18, 2004, I issued a report, recommending denial of defendants' motion to dismiss, but warning plaintiff that he had failed to identify or serve defendant Stiage. (Dkt. No. 22). The report also recommended that if plaintiff failed to show good cause for his failure or request additional time to identify and serve defendant Stiage, the complaint be dismissed as against that defendant. *Id.*

On December 10, 2004, Judge Scullin approved the recommendation and also ordered plaintiff to submit a ***proper*** change of address or risk dismissal of the action. (Dkt. No. 23). Plaintiff had been released from incarceration and was apparently living with his mother in Florida. On July 18, 2005, defendants made a motion to compel plaintiff to appear at a deposition. (Dkt. No. 28). Defense counsel stated in his

motion that he had noticed plaintiff's deposition for June 14, 2005 at the Attorney General's Office in Albany, New York. The notice was sent to plaintiff's Florida address. The return receipt for the notice was signed by plaintiff's mother. Plaintiff did not appear for the deposition on June 14, 2005.

Defense counsel stated in his motion that he had spoken to plaintiff's mother prior to the date of the deposition, and that plaintiff's mother had indicated that plaintiff did not have the financial ability to appear in New York for a deposition. Plaintiff wrote a letter to defense counsel indicating that he could not appear for a deposition in New York. Defense counsel wrote plaintiff a letter asking whether plaintiff would consent to a withdrawal of the action because it did not appear that his circumstances would change. He sent plaintiff a stipulation of discontinuance that plaintiff did not return.

On August 22, 2005, I signed an order, requiring plaintiff to appear for a deposition at a time and place determined by defense counsel. (Dkt. No. 30). I also extended the discovery and motion deadlines in the case. *Id.* In the current motion, defense counsel states that after the court's August 22, 2005 order, counsel re-scheduled the deposition for September 28, 2005. (Dkt. No. 31). On August 23, 2005, defense counsel sent plaintiff a copy of the court's order, a new notice of deposition, and a letter warning plaintiff that if he failed to appear, defense counsel would seek dismissal of the action from the court. Kerwin Decl. Ex. D. These documents were sent to plaintiff's new address in Florida, and once again, plaintiff's mother signed the return receipt. Plaintiff did not appear for the deposition, and defense counsel states

that there was no communication from plaintiff requesting an adjournment or even indicating that he was not going to attend.

As stated by defendants, this delay has lasted since June 14, 2005 when plaintiff first failed to appear for his deposition. Defendants will be prejudiced if they cannot obtain this discovery from plaintiff. Plaintiff claims denial of proper medical care, and defendants are entitled to obtain discovery regarding what plaintiff claims constitutes that denial. Although plaintiff did send the court a change of address, it does appear that since plaintiff has been released from incarceration, he has lost interest in pursuing this action.

The court understands that plaintiff may have some financial as well as time difficulties in attending a deposition in New York when he lives in Florida, but he has not even seen fit to write defendants or the court a letter to request another method of deposition or to inform defendants that he would not be attending the September 28, 2005 deposition. Plaintiff has both failed to attend his own deposition under Rule 37 and has failed to abide by a subsequent court order to attend his deposition.

Plaintiff has certainly been warned by defendants that they would seek dismissal of the amended complaint if plaintiff did not appear for his deposition. Unfortunately the proposed order submitted by defendants and signed by the court did not contain a warning from *the court* that plaintiff's case would be subject to dismissal for failure to attend the scheduled deposition. Based upon the letter that plaintiff wrote to defense counsel in June of 2005, it is difficult for the court to find that plaintiff is acting in bad faith. He appears to be genuinely unable to attend a

deposition in New York State for various reasons.  While this does not relieve plaintiff of the responsibility to provide discovery, before this court will recommend outright dismissal of the action, I will afford plaintiff another chance to respond regarding whether he would consent to withdraw this action due to his inability to pursue the case or come to court.  If plaintiff cannot come to New York for his deposition, it would be equally difficult for him to come to New York State for a trial.

Thus, ***this court hereby warns plaintiff that continued failure to provide discovery by submitting to a deposition may result in dismissal of the action***.  The court will also give plaintiff *twenty days* to notify the court and defendants whether he wishes to continue with this action or whether he would consent to withdrawing the action due to his inability to continue with the litigation.  If plaintiff wishes to continue the action, however, he must make himself available to be deposed.  He may request permission to conduct the deposition by telephone under FED. R. CIV. P. 37(b)(7).  Whether permission will be given will depend on factors to be examined if the request is made.[1]  If, however, plaintiff does not respond within *twenty days* of the date of this recommendation, then the case may be sent to the District Court with my recommendation that the action be dismissed as a discovery sanction.

**WHEREFORE,** based on the findings above it is

**ORDERED**, that plaintiff has *twenty days* from the date of this order to notify the court and defendants of whether he wishes to proceed with this action.  If he

---

[1] Plaintiff should also be aware that there may be substantial costs associated with a telephone deposition, and that those costs may have to be shared by plaintiff.

wishes to withdraw the action, the court recommends that defendants' motion to dismiss (Dkt. No. 31) be **GRANTED**, and the amended complaint be **DISMISSED ON CONSENT FOR FAILURE TO PROSECUTE**, however, if plaintiff wishes to proceed with this action, it is

**ORDERED**, that plaintiff must submit to a deposition and may request that the deposition may be conducted by telephone, and it is further

**RECOMMENDED**, that if plaintiff fails to respond pursuant to this order, defendants' motion to dismiss (Dkt. No. 31) be **GRANTED**, and the amended complaint **DISMISSED IN ITS ENTIRETY.**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: April 19, 2006

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge